UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


GREGORY LAMONT MEANS                        CIVIL ACTION

VERSUS                                      NUMBER: 06-5687
                                            & cons. cases

DOUGLASS BROOKS, ET AL.                     SECTION: "N"(5)


                     **REPORT AND RECOMMENDATION**


       Presently before the Court is the Rule 12(b)(6) motion to dismiss of defendant, Kathleen McGinnis, ("McGinnis"), Assistant Warden for Treatment at Rayburn correctional Center ("RCC"), Angie, Louisiana, and plaintiff's belated opposition thereto. (Rec. docs. 29, 30). For the reasons that follow, it is recommended that defendant's motion be granted unless plaintiff amends his complaint to plead specific facts sufficient to overcome McGinnis' qualified immunity defense.

       Plaintiff, an inmate of RCC at all relevant times, filed the above-captioned consolidated matters against the named correctional

officials, essentially alleging that he was subjected to the excessive use of force by said defendants and that said defendants had failed to protect him from violence at the hands of other prisoners.

In the motion that is presently before the Court, defendant moves for the dismissal of plaintiff's claim as to her, arguing that she "... is entitled to qualified immunity because the plaintiff fails to show how she violated his clearly established rights." (Rec. doc. 29-2, p. 4).  Plaintiff's belated opposition does little to direct the Court to anywhere in his various original or amended complaints where the factual specificity required by the jurisprudence can be found.  (Rec. doc. 30).

Defendant is correct that a Rule 12(b)(6) motion must be evaluated based solely on the basis of the pleadings that are before the court.  Jackson v. Procunier, 789 F.2d 307, 309-10 (5th Cir. 1986).  Defendant is also correct that the court must take the factual allegations of a complaint as true and must resolve any ambiguities regarding the sufficiency of the complaint in plaintiff's favor, dismissal being appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); Fernandez-Montes v. Allied Pilots Assn., 987 F.2d 278, 284-85 (5th Cir. 1993).

Questions regarding the availability of a qualified immunity defense are likewise resolved on the face of the pleadings and with limited resort to pre-trial Discovery. Jackson v. City of Beaumont Police Dept., 958 F.2d 616, 620 (5th Cir. 1992)(quoting James v. Sadler, 909 F.2d 834, 838 (5th Cir. 1990)). Accordingly, the Fifth Circuit requires "... that plaintiffs who invoke §1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss. Id.

The thrust of defendant's motion is that plaintiff's pleadings lack that level of specificity needed to overcome her qualified immunity defense. Having reviewed the original and amended complaints filed by plaintiff in these three consolidated matters, the Court agrees with defendant's position. The pleadings filed by plaintiff in 06-CV-5687 and 06-CV-5697 are wholly conclusory in nature and lack the specific facts the Court would need to determine whether McGinnis' conduct was reasonable or not. Jackson, 958 F.2d at 620-22. While the pleadings plaintiff field in 06-CV-5703 do contain greater factual detail, McGinnis was not named as a defendant in that case. Accordingly, it will be recommended that defendant's motion to dismiss be granted unless, within twenty (20) days of the issuance of this Report and

Recommendation, plaintiff amends his pleadings to allege specific facts sufficient to overcome defendant's qualified immunity defense.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendant's motion to dismiss be granted unless, within twenty (20) days of the issuance of this Report and Recommendation, plaintiff amends his pleadings to allege specific facts sufficient to overcome defendant's qualified immunity defense.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __5th__ day of _____June_____, 2007.

_Alma L. Chasez_
UNITED STATES MAGISTRATE JUDGE