
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY LAMONT MEANS | CIVIL ACTION |
| VERSUS | NO. 06-5687, c/w 06-5697, 06-5703 |
| DOUG BROOKS, ET AL. | SECTION "N" (5) |

### ORDER AND REASONS

Before the Court are the following three motions: (1) *Opposed Motion for Reconsideration of Dismissal of Necessary and Indispensable Defendant, for Appeal, for Permission to File Writ, and for Return Date for Filing Writ, and Motion to File out of Time Amended Complaint that was Hand Delivered to Magistrate Chambers and Opposing Counsel on Tuesday, June 26, 2007 - Eighteen Hours Late - Due to PTSD Trauma from Aggravated Burglary and Other Reasons*; (2)*Opposed Motion to Seal and File Affidavits Under Seal to Add to Memorandum in Support of Opposed Motion for Reconsideration of Dismissal of Necessary and Indispensable Defendant, for Appeal, for Permission to File Writ, and For Return Date for Filing Writ, and Motion to File Out of Time Amended Complaint that was Hand Delivered to Magistrate Chambers and Opposing Counsel on Tuesday, June 26, 2007 - Eighteen Hours Late - Due to PTSD Trauma From Aggravated Burglary and Other Reasons*; and (3) Plaintiff's Ex Parte Motion for Leave to File Supplemental Memorandum in Support of Motion to Reconsider (Rec. Doc. 50). For the reasons explained below, all three of these motions are DENIED.
___ Fee___
___ Process___
X Dktd___
___ CtRmDep___
___ Doc. No.___

The record in this case is littered with deficient and nonsensical filings, evidenced in part by this time line:

- **6/5/07** - *Magistrate Judge Chasez signs the Report and Recommendation* (Rec. Doc. 36), wherein she recommends that the motion to dismiss of Defendant Kathleen McGinnis (asst. warden for treatment at Rayburn Correctional Center in Angie Louisiana) be granted unless Plaintiff amends his Complaint within 20 days of the issuance of the Report and Recommendation to state specific facts sufficient to overcome Defendant's qualified immunity defense. Magistrate Chasez further instructs that written objections are due within 10 days of being served with a copy of the Report and Recommendation.

- **6/6/07** - *Magistrate Chasez's Report and Recommendation is entered into the record.*

- **6/21/07 (11:15 p.m.)** - Plaintiff's attorney, Eileen Comiskey, is allegedly the victim of an aggravated burglary.

- **6/22/07** - Due date for objections to Report and Recommendation. (The Court has calculated this date generously in favor of Plaintiff by utilizing the three-day mailing rule and not counting weekends).

- **6/25/07** - Ms. Comiskey claims her "sinus' stopped working due to no sleep for several days." (See *Plaintiff's Motion for Reconsideration*, ¶ 10). Ms. Comiskey claims she developed a "bad chest congestion subsequent to this, (and nasal, sinus, eyes, much problem)." (Id.) Ms. Comiskey claims she "could not sleep or operate accurately on Monday and Tuesday June 25th and 26, 2007, - nor substantially any sleep the entire weeks since then - the day the Amended Complaint was due, and was not operating with the wherewithall to get the Friday June 29th, 2007 Motion to Continue filed by the

deadline of June 25th, 2007." (See Plaintiff's Motion for Reconsideration, ¶ 11).

- **6/26/07** - Due date for Plaintiff to amend his complaint to state more specific facts, as set forth in the Report and Recommendation.

- **6/29/07** - Ms. Comiskey files a motion requesting an extension of the "brief"[1] she claims was due on June 25, 2007 until July 16, 2007. The relief is requested along with several other requests in one motion and is set for hearing before Magistrate Chasez. The record does not indicate that the extension request was ever ruled on; however, Ms. Comiskey claims that Magistrate Chasez told her, "file your Amended Complaint and then I'll rule on it." (See Memorandum in Sypport of Motion for Reconsideration, ¶ 2).

- **7/10/07** - The undersigned adopts the Report and Recommendation.

- **7/13/07** - Plaintiff files the following two motions, neither of which are entered into the record as they contain potentially confidential affidavits:

    (1)   Opposed Motion to Seal and File Affidavits Under Seal to Add to Memorandum in Support of Opposed Motion for Reconsideration of Dismissal of Necessary and Indispensable Defendant, for Appeal, for Permission to File Writ, and For Return Date for Filing Writ, and Motion to File Out of Time Amended Complaint that was Hand Delivered to Magistrate Chambers and Opposing Counsel on Tuesday, June 26, 2007 - Eighteen Hours Late - Due to PTSD Trauma From Aggravated Burglary and Other Reasons.

---

[1]   The Court can only assume that by "brief," Ms. Comiskey means "amended complaint."

3

(2) Opposed Motion for Reconsideration of Dismissal of Necessary and Indispensable Defendant, for Appeal, for Permission to File Writ, and for Return Date for Filing Writ, and Motion to File out of Time Amended Complaint that was Hand Delivered to Magistrate Chambers and Opposing Counsel on Tuesday, June 26, 2007 - Eighteen Hours Late - Due to PTSD Trauma from Aggravated Burglary and Other Reasons.

- **8/7/07** - Ms. Comiskey attempts to re-file the above motion for reconsideration, which is declared deficient partly because it asserts too many motions filed as one, and partly because Plaintiff has previously filed the exact same with chambers.

- **8/15/07** - Ms. Comiskey again attempts to re-file the above motion for reconsideration, which is declared deficient partly because it again asserts too many motions filed as one, and partly because Plaintiff has previously filed the exact same motion with chambers.

- **9/27/07** - Ms. Comiskey requests leave to file a supplemental memorandum in support of her motion to reconsider.

Based on the facts that are before the Court, which the Court notes that it had to rummage through the docket to uncover, there is no reason to amend the adoption of the Report and Recommendation in this case. Assuming all of Ms. Comiskey's excuses are valid, the Court determines that she still has not shown due diligence in timely, diligently, and clearly responding to Court-ordered deadlines. While the Court typically is inclined to grant *pro se* litigants more leniency in this regard, the Court finds no reason to indulge a member of the bar with this same benefit. Aside from the fact that the recent filings in this case are carelessly drafted in a haphazard fashion (often displaying both type-written and handwritten arguments of counsel,

4

which are most often incoherent, incomprehensible, and rambling), they are also untimely. Plaintiff never filed objections to the Report and Recommendation. On top of that, she did not timely file an amended complaint, as instructed by Magistrate Chasez. While Ms. Comiskey cites the June 21, 2007 aggravated burglary and the June 25, 2007 "stopping of her sinuses" as reasons for her untimeliness, the Court notes that she did not bother filing even a request for an extension until June 29, 2007, which was outside of both the deadline for her objections and the deadline for her amended complaint. The Court stands by its adoption of the Report and Recommendations. Accordingly,

**IT IS ORDERED** that the **Opposed Motion for Reconsideration of Dismissal of Necessary and Indispensable Defendant, for Appeal, for Permission to File Writ, and for Return Date for Filing Writ, and Motion to File out of Time Amended Complaint that was Hand Delivered to Magistrate Chambers and Opposing Counsel on Tuesday, June 26, 2007 - Eighteen Hours Late - Due to PTSD Trauma from Aggravated Burglary and Other Reasons** should be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the **Opposed Motion to Seal and File Affidavits Under Seal to Add to Memorandum in Support of Opposed Motion for Reconsideration of Dismissal of Necessary and Indispensable Defendant, for Appeal, for Permission to File Writ, and For Return Date for Filing Writ, and Motion to File Out of Time Amended Complaint that was Hand Delivered to Magistrate Chambers and Opposing Counsel on Tuesday, June 26, 2007 - Eighteen Hours Late - Due to PTSD Trauma From Aggravated Burglary and Other Reasons** should be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that **Plaintiff's Ex Parte Motion for Leave to File Supplemental Memorandum in Support of Motion to Reconsider (Rec. Doc. 50)** should be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that, by **November 16, 2007**, Ms. Comiskey (or someone on her behalf) shall come to the chambers of the undersigned and retrieve the various affidavits she submitted in connection with this matter.

New Orleans, Louisiana, this 8th day of November, 2007.

_____
KURT D. ENGELHARDT
United States District Judge